UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG INC., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 2:11–CV–405–DF–CMC |
| | ) |
| | )   **ORAL HEARING REQUESTED** |
| CIRCLE K STORE, INC., *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

### COLDWATER, DRAPER'S & DAMON'S, AND J. CREW'S
### MOTION TO DISMISS FOR MISJOINDER

Pursuant to Fed. R. Civ. P. 21 and 35 U.S.C. § 299, Defendants Coldwater Creek Inc. ("Coldwater"), Draper's & Damon's, LLC ("Draper's") and J. Crew Group, Inc. ("J. Crew") (collectively, "Moving Defendants") move this Court to drop them as parties from this patent infringement action brought by Plaintiffs GeoTag Inc. and GeoTag, Inc. (collectively, "GeoTag"). Under the joinder statute for patent cases recently enacted by Congress as part of the Leahy–Smith America Invents Act ("AIA"), P.L. 112–29 (Sep. 16, 2011), the Moving Defendants have been misjoined, and should be dismissed as parties from this action. Pursuant to L.R. CV–7(g), the Moving Defendants request an oral hearing on their motion.

### BACKGROUND

Timing, it is said, is everything in life.

On September 13, 2011, GeoTag filed this lawsuit against a single defendant, Circle K Store, Inc. ("Circle K"), accusing Circle K of infringing U.S. Patent No. 5,930,474 (the "'474 Patent"), entitled "Internet Organizer for Accessing Geographically and Topically Based Information." *See* Complaint (Dkt. No. 1).

Three days later, on September 16, 2011, President Obama signed the Leahy–Smith America Invents Act into law. *See* P.L. 112–29. That law, among other things, created a new statute, 35 U.S.C. § 299, reproduced here in full:

> **(a) Joinder of accused infringers.**—With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, or counterclaim defendants only if—
>
> **(1)** any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> **(2)** questions of fact common to all defendants or counterclaim defendants will arise in the action.
>
> **(b) Allegations insufficient for joinder.**—*For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.*
>
> **(c) Waiver.**—A party that is an accused infringer may waive the limitations set forth in this section with respect to that party.

*Id*. (emphasis added). This new joinder provision took effect on September 16, 2011, the date of its enactment. *See* P.L. 112–29, § 19(e).

Over one month later, on October 25, 2011, GeoTag filed an Amended Complaint (Dkt. No. 10), re–naming Circle K as a defendant and adding over 50 new, and *unrelated*, defendants, including each of the Moving Defendants. As to each defendant, GeoTag's amended complaint recites substantially the same allegation, of which the allegation against J. Crew is representative:

> 99. On information and belief, H.F.D. No. 55 Inc. d/b/a J. Crew Factory Stores has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the

> United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods include the store and/or job locator /or profile search at http://www.jcrew.com.

Amended Complaint ¶ 99; *see id*. ¶ 77 (allegation against Coldwater) & ¶ 85 (allegation against Draper's). The allegations against the remaining defendants are identical save for the defendant's name and the Uniform Resource Locator (URL) of the accused website(s). There is no allegation in the amended complaint that any of the new defendants is any way connected to Circle K, or that any individual defendant is connected in any way to any other defendant. The only "fact" that binds the defendants named in the amended complaint together is that they have been tagged as alleged infringers of the same patent. Under the express language of 35 U.S.C. § 299(b), that is an insufficient basis to join multiple, unrelated defendants in a single lawsuit.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 21, "[o]n motion or on its own, the court may at any time, on just terms,…drop a party" that has been misjoined. *Id*. (brackets and ellipsis added). In the usual case, courts look to the provisions of Fed. R. Civ. P. 20 to determine whether parties have been misjoined. *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). Rule 20(a)(2) sets forth two conditions for joinder of defendants in a single action: if "(A) any right or relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of occurrences; *and* (B) any question of law or fact common to all defendants will arise in the action." *Id*. (emphasis added). A defendant is misjoined if the plaintiff cannot establish both of these requirements. To remedy misjoinder, the Court can drop the misjoined defendant(s) from the action, and allow the action to proceed against the original defendant. *See*, *e.g.*, *Bravado Int'l Group Merchandising Servs. v. Cha*, 2010 WL 2650432, *5 (N.D. Cal. June 30, 2010) ("An accepted practice under Rule 21 is to dismiss

all defendants except for the first defendant named in the complaint, and dropping a defendant for improper joinder operates as a dismissal without prejudice.") (citations omitted); *Aaberg v. ACandS Inc.*, 152 F.R.D. 498, 501 (D.Md. 1994) (misjoinder of 1,000 plaintiffs remedied by dropping all but the first named plaintiff) (cited by *Acevedo*, 600 F.3d at 520).

Before the enactment of the AIA, there was a split of authority on the question whether asserting the same patent against multiple, unrelated defendants was sufficient to satisfy the joinder requirements of Rule 20. The majority of district courts concluded that asserting the same patent against multiple, unrelated defendants was *not* enough. *See Rudd v. Lux Prods. Corp.*, 2011 WL 148052, *3 (N.D. Ill. Jan. 12, 2011) (collecting cases finding misjoinder). A minority of district courts, including courts in this judicial district, reached the opposite conclusion, finding that the assertion of the same patent–in–suit against multiple, unrelated defendants *was* enough to satisfy Rule 20's two–prong test. *See*, *e.g.*, *MyMail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004). The enactment of 35 U.S.C. § 299 resolved this split of authority in favor of the majority rule. *See AIA Report*, 112 Cong. Rept. 112–98, 54–55 & n.61 (June 1, 2011) (joinder provision of America Invents Act adopts joinder rule followed by majority of jurisdictions). Indeed, by enacting section 299, Congress "legislatively abrogate[d] the construction of Rule 20(a) adopted in *MyMail*" and other cases that had applied the minority rule. *Id*. at 55 n. 61 (brackets added).

Pursuant to 35 U.S.C. § 299(b), "[a]ccused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit." *Id*. (brackets added). Yet that is exactly what GeoTag has done—joined in one action as defendants a multitude of unrelated companies based solely on allegations that each has infringed the '474 Patent. It takes

4

no additional analysis to determine that the Moving Defendants have been misjoined, and should be dropped as parties pursuant to Fed. R. Civ. P. 21. *Cf. Pinpoint Inc. v. Groupon Inc.*, 2011 WL 6097738, *1 (N.D. Ill. Dec. 5, 2011) (after finding misjoinder on motion by one defendant, court *sua sponte* ordered dismissal of all but one defendant in patent action); *Optimum Power Solutions LLC v. Apple Inc.*, 2011 WL 4387905, *3 (N.D. Cal. Sept. 20, 2011) (dismissing claims against all but one misjoined defendant in patent action).

Presumably, GeoTag will argue that the new allegations against the new parties named in its post–AIA amended complaint relate back to the old allegations against the old defendant in its original complaint. Because the original complaint pre–dated the effective date of the AIA by three days, GeoTag will claim that its pre–AIA filing of the original complaint allows it to ignore the joinder provision of the AIA and continue litigating in a pre–AIA world.

The problem for GeoTag is that Federal Rule of Civil Procedure 15(c) does not allow GeoTag to relate back its amended complaint to September 13, 2011, three days before Congress legislatively abrogated the minority rule on joinder in patent actions. Rule 15(c) authorizes relation back under three circumstances, two of which are not present here. This case does not concern relation back under a specific statute of limitations. Fed. R. Civ. P. 15(c)(1)(A). Nor does it involve the name change of a party. Fed. R. Civ. P. 15(c)(1)(C). GeoTag's amendment added more than 50 *new defendants*, all unrelated to the original named defendant, Circle K, and equally unrelated to each other. The only colorable authority for relating back the amended complaint in this action is Fed. R. Civ. P. 15(c)(1)(B), which allows relation back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *Id.*

Rule 15(c) exists not as a backdoor joinder provision, but rather "to ameliorate the harsh result of the strict application of the statute of limitations." *Garvin v. City of Philadelphia*, 354 F.3d 215, 220–21 (3d Cir. 2003) (citations omitted). For that reason, "the standard for determining whether amendments qualify under Rule 15(c) is not simply an identity of transaction test." Wright, Miller, Kane & Marcus, 6A *Fed. Prac. & Proc. Civ*. § 1497 (3d ed.). In other words, the tests under Rules 15 and 20 are not identical. "[W]hen new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back." *Holmes v. Greyhound Lines, Inc.*, 757 F.2d 1563, 1566 (5th Cir. 1985) (brackets added). The "critical" factor that determines whether an amended complaint relates back is "whether the opposing party was put on notice regarding the claim raised therein." *Id*.; *accord Korody–Colyer Corp. v. General Motors Corp.*, 828 F.2d 1572, 1575 (Fed. Cir. 1987) ("Under Rule 15(c), Fed. R. Civ. P., an amendment may relate back when the earlier complaint gave adequate notice of the new claim."). Whether the plaintiff is attempting to substitute or add a new defendant, the plaintiff must show not only that the claim relates back to the subject matter of the original complaint, but that the original complaint put the newly named party on notice of the claims against it. *Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 806 n.12 (5th Cir. 2006).

To ask the question whether GeoTag's original complaint against Circle K put Coldwater, Draper's, J. Crew, or any of the other newly identified defendants on notice of GeoTag's claims against them is to answer it. GeoTag's original complaint set out the conduct of Circle K, which operates convenience stores, that allegedly infringed the '474 Patent. *See* Fed. R. Civ. P. 15(c)(1)(B). The original complaint did not *mention* the Moving Defendants, let alone state a claim against any of them. It did not suggest that clothing retailers, let alone specific clothing retailers such as the Moving Defendants, allegedly infringed the '474 Patent. A lawsuit

6

against Circle K puts one, and only one, defendant—Circle K—on notice of claims against it. There is no relationship between Circle K's alleged infringement as set forth in the original complaint and that of any unrelated defendant as set forth in the amended complaint. Proof of Circle K's alleged infringement and GeoTag's alleged damages from Circle K's conduct would prove nothing about what Coldwater, Draper's, J. Crew, or any other defendant did or did not do. *See Korody–Colyer*, 828 F.2d at 1575 (amendment asserting new claim for relief based on different facts does not relate back). It is axiomatic that "amendments that add a defendant 'commence' the civil action as to the added party." *Braud*, 445 F.3d at 804. So, GeoTag's lawsuit did not commence against Coldwater, Draper's, or J. Crew until GeoTag named them as defendants on October 25, 2011, well after the enactment of 35 U.S.C. § 299.

In sum, GeoTag's claims against the Moving Defendants did not arise out of anything alleged (or attempted to be alleged) in the original complaint against Circle K. *See* Fed. R. Civ. P. 15(c)(1)(B). As a result, GeoTag cannot avoid the force of 35 U.S.C. § 299 by arguing that its claims against the Moving Defendants pre–date passage of the AIA because they relate back to GeoTag's claims against Circle K. The straightforward application of 35 U.S.C. § 299 dictates that the Moving Defendants have been misjoined in this patent infringement action. The Court should dismiss Coldwater, Draper's, and J. Crew from this action, leaving GeoTag free to pursue its original claim against Circle K.

7

## CONCLUSION

Based on the foregoing, the Moving Defendants respectfully request that the Court grant their motion to dismiss them as parties from this action.


Dated: January 20, 2012                    Respectfully submitted,

/s/ David Swetnam–Burland
Peter J. Brann
pbrann@brannlaw.com
David Swetnam–Burland
dsb@brannlaw.com
Stacy O. Stitham
sstitham@brannlaw.com
BRANN & ISAACSON
184 Main Street; P.O. Box 3070
Lewiston, ME 04243–3070
(207) 786–3566

*Attorneys for Defendants Coldwater Creek Inc., Draper's and Damon's, LLC, and J. Crew Group, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV–5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV–5(a)(3)(A), on January 20, 2012.

/s/ Stacy O. Stitham
Stacy O. Stitham