UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG INC., *et al.* | ) |
| Plaintiffs, | ) ) ) |
| v. | )   Case No. 2:11–CV–405 ) ) |
| | )   **JURY** |
| CIRCLE K STORE, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, COUNTERCLAIMS, AND JURY DEMAND BY DRAPER'S & DAMON'S, LLC**

Defendant Draper's & Damon's, LLC. ("Draper's") submits the following answer, counterclaims, and jury demand in response to the First Amended Complaint for Patent Infringement ("complaint") (Doc. No. 10) of Plaintiff GeoTag Inc. ("GeoTag").

**ANSWER**

1.  Draper's lacks sufficient knowledge or information concerning the allegations in paragraph 1 to form a belief about their truth, and, on that basis, denies them.

2–27. Paragraphs 2–27 are not directed at Draper's and do not require a response by Draper's. To the extent paragraphs 2–27 may be deemed to require a response by Draper's, Draper's denies them.

28. Draper's denies the allegations in paragraph 28, and affirmatively states that it is a California limited liability company headquartered in Irvine, California.

29–56. Paragraphs 29–56 are not directed at Draper's and do not require a response by Draper's. To the extent paragraphs 29–56 may be deemed to require a response by Draper's, Draper's denies them.

57. Paragraph 57 asserts legal conclusions to which no response is required. Draper's admits that this court has subject matter jurisdiction over this dispute, but denies that an exercise of personal jurisdiction is appropriate over Draper's. To the extent paragraph 57 may be read to contain any factual allegations relating to Draper's, Draper's denies them. Draper's lacks sufficient knowledge or information concerning the remaining facts asserted in paragraph 57 relating to other defendants to form a belief about their truth, and, on that basis, denies them.

58. Paragraph 58 asserts legal conclusions to which no response is required. Draper's denies that venue is proper in this district. To the extent paragraph 58 may be read to contain any factual allegations relating to Draper's, Draper's denies them. Draper's lacks sufficient knowledge or information concerning the remaining facts asserted in paragraph 58 relating to other defendants to form a belief about their truth, and, on that basis, denies them.

59. Draper's admits that what purports to be a copy of U.S. Patent No. 5,930,474 is attached as Exhibit A to the complaint. Draper's lacks sufficient knowledge or information concerning the remainder of the allegations in paragraph 59, and, on that basis, denies them.

60. Draper's denies the allegations in paragraph 60 of the complaint.

61–84. Paragraphs 61–84 are not directed at Draper's and do not require a response by Draper's. To the extent paragraphs 61–84 may be deemed to require a response by Draper's, Draper's denies them.

85. Draper's denies the allegations in paragraph 85 of the complaint.

86–113. Paragraphs 86–113 are not directed at Draper's and do not require a response by Draper's. To the extent paragraphs 86–113 may be deemed to require a response by Draper's, Draper's denies them.

114. Draper's denies the allegations of paragraph 114 that relate specifically to Draper's. On information and belief, GeoTag has no basis in law or fact to allege that Draper's has engaged in willful infringement of the U.S. Patent No. 5,930,474 under the standard set forth *In re Seagate Technology LLC*, 497 F.3d 1360 (Fed. Cir. 2007), and other applicable authorities. Draper's lacks sufficient knowledge or information concerning the remaining facts asserted in paragraph 114 relating to other defendants to form a belief about their truth, and, on that basis, denies them.

115. Draper's denies the allegations of paragraph 115 that relate specifically to Draper's. Draper's lacks sufficient knowledge or information concerning the remaining facts asserted in paragraph 115 relating to other defendants to form a belief about their truth, and, on that basis, denies them.

## GENERAL DENIAL

116. Draper's denies any allegations not specifically admitted above, including those stated in GeoTag's Prayer for Relief.

## AFFRIMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

117.    The Court lacks jurisdiction over the person of Draper's.

### SECOND AFFIRMATIVE DEFENSE

118.    Venue is improper in this Court.

### THIRD AFFIRMATIVE DEFENSE

119.    The complaint fails to state a claim upon which relief may be granted.

**FOURTH AFFIRMATIVE DEFENSE**

120. Draper's does not infringe and has not infringed any claim of the patent–in–suit under any theory (including directly, whether individually or jointly, or indirectly, whether contributorily or by inducement, or literally or under the doctrine of equivalents).

**FIFTH AFFIRMATIVE DEFENSE**

121. To the extent that GeoTag ultimately states a valid claim against Draper's for the indirect infringement of the patent–in–suit, either by contributing to or inducing infringement, Draper's is not liable to GeoTag for any acts alleged to have been performed before Draper's knew that its actions would cause indirect infringement.

**SIXTH AFFIRMATIVE DEFENSE**

122. The patent–in–suit is invalid, unenforceable, and/or void because the alleged invention fails to satisfy at least one of the conditions for patentability specified in 35 U.S.C. § 100 *et seq.*, including §§ 101–103 and 112.

**SEVENTH AFFIRMATIVE DEFENSE**

123. Any claim by GeoTag for damages for patent infringement is limited by 35 U.S.C. § 286 to those damages incurred within the six years before the filing of the complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

124. To the extent that GeoTag, its alleged predecessors–in–interest to the patent–in–suit, and their respective licensees, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that Draper's actions allegedly infringed the patent–in–suit, Draper's is not liable to GeoTag for the acts alleged.

### NINTH AFFIRMATIVE DEFENSE

125. On information and belief, some or all of GeoTag's claims of patent infringement are barred in whole or in part by the equitable doctrine of laches and estoppel (including, but not limited to, prosecution history estoppel).

### TENTH AFFIRMATIVE DEFENSE

126. GeoTag has failed to name one or more necessary parties to this action.

### ELEVENTH AFFIRMATIVE DEFENSE

127. To the extent that GeoTag seeks a declaration that Draper's has willfully infringed the patent–in–suit, GeoTag has neither made nor has any factual basis to make any allegation that DRAPER'S has willfully infringed the patent–in–suit.

### TWELFTH AFFIRMATIVE DEFENSE

128. GeoTag has improperly joined unrelated defendants in a single action in which there are not sufficient common questions of law or fact to justify a trial against all such defendants in a single action consistent with due process principles, in violation of the America Invents Act, 35 U.S.C. § 299.

### THIRTEENTH AFFIRMATIVE DEFENSE

129. Without conceding that Draper's performs any step of any claim of the patent–in–suit, Draper's has not infringed and is not infringing the patent–in–suit because Draper's does not control or direct one or more required steps, elements and/or limitations of one or more claims of the patent–in–suit.

### **COUNTERCLAIMS**

130. By its counterclaims, Draper's seeks a declaration that it has not infringed the patent–in–suit and that the patent–in–suit is invalid.

## PARTIES

131. Draper's is a California limited liability company with its principal place of business at 9 Pasteur, Suite 200, Irvine, California 92618.

132. On information and belief, GeoTag is a Texas corporation with a principal place of business in Plano, Texas.

## JURISDICTION

133. These Counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

134. If venue is proper over the action filed by plaintiff, then venue over these Counterclaims is also proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

135. On information and belief, GeoTag claims to be the current owner of all rights, interest, and title in the patent–in–suit.

### COUNT I:   DECLARATION OF NON–INFRINGEMENT

136. Based on GeoTag's filing of its complaint and Draper's assertion that the patent–in–suit is not infringed, there exists a real and actual case and controversy between the parties regarding whether Draper's infringes the patent–in–suit.

137. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* Draper's is entitled to and respectfully requests a declaration by the Court that it does not infringe any claim of the patent–in–suit.

## COUNT II:   DECLARATION OF INVALIDITY

138.　Based on GeoTag's filing of its complaint and Draper's assertion that the patent–in–suit is invalid, there exists a real and actual case and controversy between the parties regarding the validity of the patent–in–suit.

139.　Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. Draper's is entitled to and respectfully requests a declaration by the Court that the claims of the patent–in–suit are invalid.

## DEMAND FOR JURY TRIAL

140.　Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Draper's respectfully requests a trial by jury of any issue so triable by right.

## PRAYER FOR RELIEF

141.　Draper's respectfully requests a judgment against GeoTag as follows:

A.　That Draper's has not infringed and does not infringe any claim of any of the patent–in–suit.

B.　That the patent–in–suit is invalid;

C.　That GeoTag take nothing by its complaint, and that the complaint be dismissed with prejudice;

D.　That this is an exceptional case under 35 U.S.C. § 285;

E.　That Draper's be awarded its costs and reasonable attorneys' fees incurred in this action; and

F.　That Draper's receive any further relief the Court may deem just and proper.

Dated: January 20, 2012					Respectfully submitted,

/s/ Stacy O. Stitham  
Peter J. Brann  
pbrann@brannlaw.com  
David Swetnam–Burland  
dsb@brannlaw.com  
Stacy O. Stitham  
sstitham@brannlaw.com  
BRANN & ISAACSON  
184 Main Street; P.O. Box 3070  
Lewiston, ME 04243–3070  
(207) 786–3566  

*Attorneys for Defendant Draper's & Damon's, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV–5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV–5(a)(3)(A), on January 20, 2012.


/s/ Stacy O. Stitham
Stacy O. Stitham