IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC., *et al.*, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> CIRCLE K STORE, INC., *et al.*, § <br> § <br> *Defendants.* § <br> § | Civil Action No. 2:11-cv-405-DF-CMC <br><br> **Jury Trial Demanded** |

**PLAINTIFF GEOTAG, INC.'S RESPONSE IN OPPOSITION TO
DEFENDANTS COLDWATER, DRAPER'S & DAMON'S, AND J.CREW'S
MOTION TO DISMISS FOR IMPROPER JOINDER**

Plaintiff GeoTag, Inc. ("GeoTag") files this response to Defendants Coldwater Creek Inc. ("Coldwater"), Draper's & Don's ("Draper's") and J. Crew Group, Inc.'s ("J. Crew") (collectively "Moving Defendants") Motion to Dismiss for Improper Joinder, Dkt. No. 33, and requests that the Court deny this Motion.

## I. INTRODUCTION

The Moving Defendants have failed to meet their burden of showing that this case should be dismissed for improper joinder. The Moving Defendants allege that they have been improperly joined under FED. R. CIV. P. 20 and the Leahy-Smith America Invents Act Pub. L. 112-29, § 19, 125 Stat. 284 (2011) ("AIA"). However, in patent cases, Rule 20 permits joinder of unrelated defendants if each defendant infringes the same patent. Additionally, the AIA does not apply because this action commenced before September 16, 2011, the date the law was enacted. Therefore, the Moving Defendants were not misjoined and dismissal on this basis would be improper.

## II.  BACKGROUND

GeoTag is the owner of U.S. Patent No. 5,930,474 ("the '474 Patent") entitled "Internet Organizer for Accessing Geographically and Topically Based Information."  GeoTag commenced the present action on September 13, 2011, when it filed its complaint against Circle K Store, Inc. ("Circle K"), accusing Circle K of infringing the '474 Patent."  Dkt. No. 1.  As authorized under FED. R. CIV. P. 15 (a), GeoTag then amended the complaint on October 25, 2011, properly joining as parties the Moving Defendants.  Dkt. No. 10.  Coldwater's websites, http://www.coldwatercreek.com and https://careersatthecreek.tms.hrdepartment.com, Draper's website, http://www.drapers.com, and J. Crew's website, http://www.jcrew.com, all associate online information with geographic areas and therefore, fall squarely within the claimed method and system of the '474 Patent.

As with other such cases filed in the Eastern District of Texas, the present action has proceeded according to the Federal Rules of Civil Procedure as well as the Local Civil and Patent Rules.  Joining all Defendants in this action in one venue has preserved judicial economy and allowed for effective management of a complex patent litigation matter.

## III.  ARGUMENT

### A.   Joinder of the Moving Defendants is Proper

Joinder of the Moving Defendants to this action is proper.  FED. R. CIV. P. 20 defines the conditions of permissive joinder.  Specifically, Rule 20(a)(2) permits joinder of defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  FED. R. CIV. P. 20(a)(2).  The assertion of the same patent-in-suit against *multiple,*

*unrelated defendants* is enough to satisfy Rule 20's two-prong test. *MyMail, LTD v. America Online, Inc.*, 223 F.R.D. 455, 474-475 (E.D. Tex. Sept. 2, 2004) (emphasis added).

In this case, each of the named defendants infringes the '474. However, the Moving Defendants argue that they have been misjoined because GeoTag has "joined in one action as defendants a multitude of unrelated companies based solely on allegations that each has infringed the '474 Patent." Dkt. No. 33 at 4. To support their argument, the Moving Defendants cite *Optimum Power Solutions LLC v. Apple, et al.* and *Pinpoint Inc. v. Groupon, et al. Id*. at 5. In *Optimum* and *Pinpoint*, the Court did not allow for joinder of multiple defendants in a single patent suit because the case law on Rule 20 in the 9th and 7th Circuits, respectively, did not allow for it. *See Optimum Power Solutions LLC v. Apple, et al.*, 2011 U.S. Dist. LEXIS 106436, *8-9 (N.D. Cal. September 20, 2011); *Pinpoint Inc. v. Groupon, et al.*, 2011 U.S. Dist. LEXIS 139183, *4 (N.D. Ill. Dec. 5, 2011). The Moving Defendants acknowledge that the case law in this district does not follow this interpretation. Dkt. No. 33 at 4. It is clear that in this district, the fact that each named Defendant infringes the '474 Patent is sufficient for the purposes of joinder under Rule 20(a)(2). It is irrelevant that defendants are unrelated companies. Therefore, the Moving Defendants have been properly joined.

### B.    The Leahy-Smith America Invents Act Does Not Apply

The AIA as codified at 35 U.S.C. § 299, applies only to a "civil action commenced **on or after** the date of the enactment of [the] Act." 35 U.S.C. § 299 (e) (emphasis added). On September 16, 2011, President Barack Obama signed the AIA into law. Pub. L. 112-29, § 19, 125 Stat. 284 (2011). This fact is explicitly clear and undisputed. The Moving Defendants cannot and do not contest that this action commenced *prior to* enactment of the AIA. Even though the Moving Defendants have clearly been properly joined under Rule 20, they contend

that because they were joined in the action after enactment of the AIA, any claims against them constitute a new action that implicates § 19 of the AIA. This argument fails.

### 1. The Proper Joinder of the Moving Defendants does not Constitute Commencement of a New Action

A civil action is commenced by filing a complaint with the court. FED. R. CIV. P. 3. When GeoTag filed its complaint on September 13, 2011, it properly commenced an action. This Court has held that the AIA is not applicable to cases commenced prior to the enactment of the AIA. *Ganas, LLC v. Sabre Holdings Corp.*, Civil Action No. 2:10-CV-320, Dkt. 405, at 15-16 (E.D. Tex. Oct. 19, 2011) (J. Folsom). The filing of an amended complaint does not constitute commencement of a whole new action that implicates the joinder provision of the AIA. *Softview LLC v. Apple Inc.*, Civil Action No. 10-389-LPS, 2011 U.S. Dist. LEXIS 140540 (D. Del. Dec. 7, 2011). In *Softview*, the court declined to grant a motion for reconsideration where the plaintiff had been given the right to amend its complaint to add new defendants after enactment of the AIA. *Id.* at *5-6. The court explicitly stated that "even crediting Defendants' argument that the new statutory provision 'clarifies' the application of Rule 20(a)(2)(A) in circumstances such as those presented here, the provision is not 'an intervening change in controlling law'" that applies to cases filed prior to enactment of the statute. *Id.* The same standard applies here.

To support their contention, the Moving Defendants cite *Holmes v. Greyhound Lines, Inc.* and *Braud v. Transp. Serv. Co. of Ill.* Dkt. No. 33 at 6. In *Holmes*, the plaintiff was discharged from his job for driving a bus while having ingested alcohol within eight hours. *Holmes v. Greyhound Lines, Inc.*, 757 F.2d 1563, 1564 (5th Cir. 1985). Since Holmes was a member of a union, the union represented him in the ensuing arbitration proceedings. *Id*. The arbitration decision upheld the discharge. *Id*. Holmes filed the original complaint against his former

employer, Greyhound, alleging that the arbitration award should be set aside for several reasons. Holmes then amended the complaint to add the union as a defendant, but this time, alleged that Greyhound had wrongfully discharged him and the union had breached its duty of fair representation in the grievance procedures and arbitration. *Id*. at 1465. In upholding the dismissal of Holmes' case, the Court noted that "the claim [of the original complaint] was abandoned completely in the amended complaint. The amended complaint focused entirely upon allegations that the Union breached its duty of fair representation in several respects." *Id*. at 1466. The facts of this case are distinct from *Holmes*. Here, the amended complaint does not abandon the original claim, infringement of the '474 Patent. Instead, the amended complaint reasserts the original claim, infringement of the '474 Patent, and does not add any new claims. Accordingly, reliance on *Holmes* is misplaced.

In *Braud*, the plaintiffs filed a Class Action lawsuit against one defendant and then amended the petition to name a second defendant. *Braud v. Tranp. Serv. Co. of Ill.*, 445 F.3d 801, 802 (5th Cir. 2006). The Court addressed the <u>specific issue</u> of whether the Class Action Fairness Act of 2005 ("CAFA") dealing with removal of an action to federal court was implicated when new defendants were added to an amended complaint. *Id*. Applying state law, the Court justified classifying the addition of a new defendant as commencement of a new suit because the CAFA does not define when an action commences and because 28 U.S.C. § 1446(b) allows for removal of a previously non-removable case "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading." *Id.* at 804-06 (citing 28 U.S.C. § 1446(b)); *see also Leal v. Gov't Employees Ins. Co.*, 2009 U.S. Dist. LEXIS 116070 (S.D. Tex. Dec. 14, 2009). However, *Braud* "has never been applied outside the CAFA context. Other district courts within the Fifth Circuit have confined *Braud* to CAFA cases."

*Estes v. Lyons Workspace Products, et. al.*, 2010 U.S. Dist. 59954 (S.D. Miss. May 28, 2010). *See also Dominion Exploration & Prod., Inc., et al. v. Ameron Int'l Corp.*, 2007 U.S. Dist. LEXIS 87476, *21 (E.D. La. November 27, 2007) ("Under the circumstances and arguments presented, and in deference to the Fifth Circuit's adherence to the general rule on timeliness, this Court would decline to expand the rule set forth in *Braud*."); *Seefield v. Grey Wolf, Inc., et. al.*, 2009 U.S. Dist. LEXIS 3330 (W.D. La. January 19, 2009) ("Given that CAFA is indeed 'unique legislation with its own specific rules regarding removal' and the absence of an indication by the Braud court that its holding should extend beyond CAFA to abrogate generally the first-served defendant rule, this court does not so extend Braud."). Since *Braud* is limited to the CAFA context, it does not apply to this action. Therefore, the addition of defendants does not constitute the commencement of a new action.

### 2. The Joinder Provision of the AIA Does Not Apply to Cases Pending on the day of Enactment

"Retroactivity is not favored in the law" and as such, "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Landgraf v. Usi Films Prods.*, 511 U.S. 244, 264 (U.S. 1994). "[C]lear congressional intent" favoring retroactive application of a newly enacted statute is required. *See e.g., Martin v. Hadix*, 527 U.S. 343, 354 (1999).

The AIA specifically states that amendments to 35 U.S.C. § 292, the false marking provision, "shall apply to **all cases, without exception, that are pending on, commencing on or after**, the date of the enactment of this Act." Pub. L. 112-29, § 16(b)(4), 125 Stat. 284 (2011) (emphasis added). There is clear congressional intent to apply this amendment retroactively and several courts have dismissed pending actions brought under § 292 accordingly. *See generally Kilts Resources LLC v. Uniden Direct in USA, Inc., et. al.*, 2011 U.S. Dist. LEXIS 131592, *2

(E.D. Tex. September 19, 2011); *Hollander v. Ortho-Mcneil-Janssen Pharms., Inc.*, 2012 U.S. Dist. LEXIS 3191 (E.D. Pa. January 10, 2012); *Advanced Cartridge Tech., LLC v. Lexmark Int'l Inc.*, 2011 U.S. Dist. LEXIS 146942 (M.D. Fl. December 21, 2011).

By comparison, the AIA states that 35 U.S.C. § 299, the misjoinder provision, applies only to a "civil action commenced **on or after** the date of the enactment of [the] Act." 35 U.S.C. § 299 (e) (emphasis added). Unlike § 292, the language clearly does not include "clear congressional intent" favoring retroactive application as required by *Martin*. In fact, if congress had intended the misjoinder provision to be apply to pending cases, it would have used the same language as was used in § 292. As such, it is obvious that congress did not intend for § 299 to apply to pending cases. Further, following the same line of reasoning, this Court has already found in *Ganas,* that "the joinder provision [of the AIA] is not retroactive." *Ganas, LLC,* Civil Action No. 2:10-CV-320, Dkt. 405, at 15-16. Therefore, the joinder provision of the AIA does not apply to cases pending on the date of its enactment.

## IV.  CONCLUSION

The joinder provision of the AIA does not apply because: (a) the filing of an amended complaint to add new defendants without changing the original claims does not constitute commencement of a whole new action, and (b) it was not meant to be applied to pending cases, such as this one. Since the joinder provision of the AIA does not apply, FED. R. CIV. P. 20 is used to determine whether joinder is permissive. Under Rule 20, the Moving Defendants have been properly joined to this action since each of the named defendants infringe the '474 patent. Therefore, the Court should deny Defendants' motion to dismiss for improper joinder.

Dated: February 6, 2012          Respectfully submitted,

        **BUETHER JOE & CARPENTER, LLC**

By:    */s/ Christopher M. Joe*
       Christopher M. Joe  *(Lead Counsel)*
       State Bar No. 00787770
       Chris.Joe@BJCIPLaw.com
       Eric W. Buether
       State Bar No. 03316880
       Eric.Buether@BJCIPLaw.com
       Brian A. Carpenter
       State Bar No. 03840600
       Brian.Carpenter@BJCIPLaw.com
       Mark D. Perantie
       State Bar No. 24053647
       Mark.Perantie@BJCIPLaw.com
       Niky Bukovcan
       WA State Bar No. 39403
       Niky.Bukovcan@BJCIPLaw.com

       1700 Pacific Avenue
       Suite 2390
       Dallas, Texas 75201
       Telephone:   (214) 466-1272
       Facsimile:    (214) 635-1828

        **NI LAW FIRM, PLLC**

       Hao Ni
       State Bar No. 24047205
       hni@nilawfirm.com

       3102 Maple Avenue
       Suite 400
       Dallas, Texas 75201
       Telephone:   (214) 800-2208
       Facsimile:    (214) 800-2209

      **ATTORNEYS FOR PLAINTIFF GEOTAG, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 6th day of February, 2012.  Any other counsel of record will be served by facsimile transmission and first class mail.

>  */s/ Christopher M. Joe*
>  Christopher M. Joe