UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:11–CV–405–DF–CMC |
| ) | |
| ) | **ORAL HEARING REQUESTED** |
| CIRCLE K STORE, INC., *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**COLDWATER, DRAPER'S & DAMON'S, AND J. CREW'S
REPLY IN SUPPORT OF MOTION TO DISMISS FOR MISJOINDER**

Defendants Coldwater Creek Inc., Draper's & Damon's, LLC, and J. Crew Group, Inc. (collectively, "Moving Defendants") have filed a motion to dismiss for misjoinder ("Motion") (Dkt. No. 33). Plaintiffs GeoTag Inc. and GeoTag, Inc. (collectively, "GeoTag") have filed an opposition ("Opposition") (Dkt. No. 101), to which the Moving Defendants make this reply, supported by the Declaration of David Swetnam–Burland ("Swetnam–Burland Decl."). Under Fed. R. Civ. P. 15(c)—a rule GeoTag does not mention in its Opposition—GeoTag's October 25, 2011, amended complaint ("Amended Complaint") (Dkt. No. 10) against the Moving Defendants cannot claim the benefit of the September 13, 2011, filing date of its original complaint ("Original Complaint") (Dkt. No. 1) against Circle K Store, Inc ("Circle K"). Because GeoTag commenced an action against the Moving Defendants after its effective date, the Moving Defendants are misjoined under 35 U.S.C. § 299 ("Section 299").

## ARGUMENT

The parties agree that GeoTag sued Circle K for infringement of U.S. Patent No. 5,930,474 ("'474 Patent") on September 13, 2011. *See* Opposition at 2. They agree that three days later Section 299 took effect. *See* Opposition at 2. They agree that under Section 299 a plaintiff may not join multiple, unrelated defendants in a single action "based solely on allegations that each have infringed the patent…in suit." 35 U.S.C. § 299(b) (ellipsis added). They agree that GeoTag filed the Amended Complaint adding the Moving Defendants and forty–odd others on October 25, 2011, *after* the enactment of Section 299. *See* Opposition at 2. They agree that the only alleged "fact" common to the unrelated defendants is that each allegedly infringes the '474 Patent. *See id*. at 3 ("It is irrelevant that defendants are unrelated companies.").

Had GeoTag filed a complaint for patent infringement against the Moving Defendants *before* September 16, 2011, the prospects for that motion would have been admittedly dim under

1

the case law of this district. Before Section 299 resolved a split of authority, courts in this district at times allowed the joinder of multiple, unrelated defendants in a single action based solely on the allegation that each infringed the same patent. *See*, *e.g.*, *MyMail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004). GeoTag has cited two recent rulings suggesting that Section 299 should not be applied retroactively to address issues concerning complaints filed before September 16, 2011. *See* Order, *Galas, LLC v. Sabre Holdings, Corp., et al.*, Case No. 2:10–cv–320–DF, 15–16 (E.D. Tex. Oct. 19, 2011) (Swetnam–Burland Decl., Ex. A) (enactment of AIA does not require severing defendants named in pre–AIA complaint "into five separate actions and transferring three of them to three different districts."); *SoftView LLC v. Apple, Inc.*, 2011 WL 4571793 (D. Del. Sep. 30, 2011), reconsideration denied, 2011 WL 6100421 (Dec. 7, 2011) (AIA did not change law governing motion to amend filed on April 22, 2011): *see* Swetnam–Burland Decl. Ex. B. The Moving Defendants do not dispute the tautology that Section 299 was not effective before it took effect.

For complaints filed *after* September 16, 2011, *e.g.*, the Amended Complaint, Section 299 replaced *MyMail* as the applicable rule. *See AIA Report*, 112 Cong. Rept. 112–98, 55 n.61 (June 1, 2011) (Section 299 "legislatively abrogate[d] the construction of Rule 20(a) adopted in *MyMail*") (brackets added). GeoTag does not contest that Section 299 *does* apply to complaints filed *after* its enactment. There is nothing "retroactive" about applying a statute in effect as of September 16, 2011, to a complaint filed on October 25, 2011. *See* Opposition at 6–7.

So GeoTag reaches for a "gotcha" argument: Section 299 should not apply to GeoTag's claims against the Moving Defendants, dating to October 25, 2011, because GeoTag filed a civil action against Circle K on September 13, 2011. *See* Opposition at 3–4. GeoTag would have the Court rule that once GeoTag sued Circle K, the Moving Defendants, despite having no

connection to Circle K, should have known they were next. GeoTag cites no precedent for its unprecedented argument that an amended complaint adding forty–plus unrelated defendants relates back to the date of an original complaint against one defendant.

Although GeoTag agrees with the Moving Defendants that the Federal Rules of Civil Procedure govern this litigation, *see* Opposition at 2, GeoTag ignores the rule that addresses this issue. The Court cannot reach GeoTag's argument that it should apply *MyMail*, *see id*. at 2–3, unless and until the Court agrees that GeoTag's claims against the Moving Defendants should be treated as if they had been filed on September 13, 2011. That analysis is performed not under Fed. R. Civ. P. 20(a), but under Fed. R. Civ. P. 15(c), about which GeoTag's Opposition says nothing.

Unless GeoTag can show that claims against the Moving Defendants were somehow implicit in its claims against Circle K, its civil action against the Moving Defendants commenced on October 25, 2011, *i.e.*, after the effective date of Section 299. *See Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 806 (5th Cir. 2006) ("the addition of [a] new defendant commences the lawsuit as to it.") (brackets added); *Rothman v. Gregor*, 220 F.3d 81, 96 (2d Cir. 2000) ("When a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitations purposes.") (quotation omitted). Unless the amendment involves a special statute of limitations or the name change of a party, "[a]n amendment to a pleading *relates back to the date of the original pleading* when:…the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B) (emphasis added). "As a general rule, an amendment pursuant to Rule 15, Federal Rules of Civil Procedure, relates back only to the matters relating to the original parties

3

of the complaint, or to correct a misnomer or a misdescription of a defendant, and *not to add or substitute a new party defendant*." *United States v. Western Cas. & Sur. Co.*, 359 F.2d 521, 523 (6th Cir. 1966) (emphasis added). That rule is longstanding and non–controversial. *See Holmes v. Greyhound Lines, Inc.*, 757 F.2d 1563, 1566 (5th Cir. 1985); *Lewis v. Lewis*, 358 F.2d 495, 502 (9th Cir. 1966) ("[A]n amended pleading does not relate back insofar as it states claims against newly–joined defendants.") (brackets added); *Graves v. Gen'l Ins. Corp.*, 412 F.2d 583, 585 (10th Cir. 1969) ("Substitution of a completely new defendant creates a new cause of action."); *VFK Corp. v. Nat'l Football League*, 244 F.3d 114, 128 (2d Cir. 2001).

*Contra* GeoTag's cramped reading, *see* Opposition at 4–6, the authorities the Moving Defendants cited in the Motion express the basic principle of Rule 15(c): a plaintiff cannot relate back an amended pleading against a new defendant to an earlier pleading against an old defendant if the earlier pleading neither said nor implied anything about the new defendant. The Rule 15(c) test asks more than just whether the earlier and later allegations have something in common; it asks whether the earlier allegations "gave adequate notice of the new claim" to the new party. *Korody–Colyer Corp. v. General Motors Corp.*, 828 F.2d 1572, 1575 (Fed. Cir. 1987). GeoTag makes no effort to argue that filing a complaint against Circle K put the unrelated Moving Defendants on notice of GeoTag's claims against them. *See Waguespack v. Aetna Life & Cas. Co.*, 795 F.2d 523, 527 (5th Cir. 1986) (no relation back of amended complaint where defendant did not receive notice of the action before being joined and newly–named defendants had no identity of interest with earlier–named defendants) Nor does GeoTag argue that its Amended Complaint simply repaired defects in the Original Complaint. *See McLellon v. Lone Star Gas Co.*, 66 F.3d 98, 103 (5th Cir. 1995) ("We therefore hold that an amended complaint filed to cure rule 8 pleading deficiencies relates back to the filing date of the

4

original, *albeit* deficient, complaint when the amended complaint properly pleads what the party 'attempted to set forth' in the original complaint.") (quoting former Fed. R. Civ. P. 15(c)). The Amended Complaint in October stated new claims against new parties; no one reading the Original Complaint in September could have known that GeoTag intended to add the Moving Defendants (or any other defendants) to the lawsuit. Accordingly, GeoTag cannot treat the claims against the Moving Defendants as if they had been filed on September 13, 2011, thereby evading the force of Section 299. GeoTag does not contest that the Court should drop the Moving Defendants if it rules they have been misjoined. *See* Motion at 3–4 (citing authorities). The Court should do so.

## CONCLUSION

Based on the Motion and the foregoing, the Moving Defendants respectfully request that the Court grant their motion to dismiss them as parties from this action.

Dated: February 7, 2012              Respectfully submitted,

/s/ David Swetnam–Burland
Peter J. Brann
pbrann@brannlaw.com
David Swetnam–Burland
dsb@brannlaw.com
Stacy O. Stitham
sstitham@brannlaw.com
BRANN & ISAACSON
184 Main Street; P.O. Box 3070
Lewiston, ME 04243–3070
(207) 786–3566

*Attorneys for Defendants Coldwater Creek Inc., Draper's and Damon's, LLC, and J. Crew Group, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV–5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV–5(a)(3)(A), on February 7, 2012.

/s/ David Swetnam–Burland
David Swetnam–Burland
