IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **GEOTAG, INC.,** *et al.*, | § § § | |
| *Plaintiff,* | § § | Civil Action No. 2:11-cv-405-DF-CMC |
| v. | § § | Jury Trial Demanded |
| **CIRCLE K STORE, INC.,** *et al.*, | § § | |
| *Defendants.* | § § § | |

**PLAINTIFF GEOTAG, INC.'S SUR-REPLY IN OPPOSITION TO DEFENDANTS COLDWATER, DRAPER'S & DAMON'S, AND J. CREW'S MOTION TO DISMISS FOR IMPROPER JOINDER**

Plaintiff GeoTag, Inc. ("GeoTag") files this sur-reply in support of its opposition to Defendants Coldwater Creek Inc. ("Coldwater"), Draper's & Don's ("Draper's") and J. Crew Group, Inc.'s ("J. Crew") (collectively "Moving Defendants") Motion to Dismiss for Improper Joinder, Dkt. No. 33, and requests that the Court deny this Motion.

## I. INTRODUCTION

The Moving Defendants have failed to meet their burden of showing that this case should be dismissed for improper joinder. The Moving Defendants allege GeoTag's proper amendment of its complaint on October 25, 2011 constitutes a new complaint as to the newly added defendants, which includes the Moving Defendants, under FED. R. CIV. P. 15 (c). Since the amended complaint was filed after September 16, 2011, the Moving Defendants also allege that Section 299, the joinder provision of the Leahy-Smith America Invents Act Pub. L. 112-29, § 19, 125 Stat. 284 (2011) ("AIA"), should apply. However, Rule 15(c) does not apply because this case does not involve a statute of limitations issue. Additionally, the AIA does not apply

because this action commenced before September 16, 2011, the date the law was enacted. Therefore, the Moving Defendants were not misjoined and dismissal on this basis would be improper.

## II.   ARGUMENT

### A.   FED. R. CIV. P. 15(c) Does Not Apply

FED. R. CIV. P. 15(c) applies only in cases involving statute of limitations, which is not at issue in this case.  The Moving Defendants argue that FED. R. CIV. P. 15(c), which addresses relation back of amendments, should be used to determine the commencement date of the action against the Moving Defendants.  Dkt. No. 103 at 3.  To support this argument, the Moving Defendants cite a long list of cases, each involving the application of Rule 15 in determining whether a statute of limitation precludes a cause of action.  Dkt. No. 103 at 3-4.   In fact, a number of these cases clearly indicate that Rule 15 applies specifically to cases involving statutes of limitations.  *See VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 128 (2d Cir. 2001) ("If a complaint is amended to include an additional defendant *after the statue of limitations has run* the amended complaint is not time barred if it relates back to a timely filed complaint.  The goal of relation-back principles is to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense.") (internal quotation omitted and emphasis added); *Rothman v. Gregor*, 220 F.3d 81, 96 (2d Cir. 2000) ("When a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced *for statute of limitations purposes*.") (quotation omitted and emphasis added); *Lewis v. Lewis*, 358 F.2d 495, 502 (9th Cir. 1966) ("This rule is addressed *primarily to statute of limitations problems*.") (internal quotation omitted and emphasis added); *Graves v. Gen'l Ins. Corp.*, 412 F.2d 583, 584 (10th Cir. 1969) ("Substitution of a completely new defendant creates a new cause of action.  Permitting such a

procedure would undermine the policy upon which the *statute of limitations is based*.") (emphasis added).  In the present case, there is no question of whether a statute of limitations would preclude GeoTag from proceeding against the Moving Defendants.  Since there is no statute of limitations at issue, Rule 15(c) does not apply.  Therefore, the commencement date of this action is the date on which the original complaint was filed, September 13, 2011.

> **B.    The AIA Does Not Apply When an Amended Complaint Adds Defendants to a Case Pending When the AIA was Enacted**

In its reply, the Moving Defendants argue that *Softview* is distinguishable from this case because the motion to amend was filed on April 22, 2011.  Dkt. No. 103 at 2.  Since the motion was filed before September 16, 2011, the enactment date of the AIA, the Moving Defendants suggest that the "AIA did not change law governing motion to amend."  *Id*.  The Moving Defendants ignore the fact that the motion was not granted and as a result, the new defendants were not added, until September 30, 2011, a date *after* the enactment of the AIA.  *Softview LLC v. Apple Inc.*, Civil Action No. 10-389-LPS, 2011 U.S. Dist. LEXIS 112476 (D. Del. Sept. 30, 2011).  Moreover, the defendants in *Softview* filed a motion to reconsider, specifically relying on Section 299 of the AIA, and the Court rejected this argument.  *Softview LLC v. Apple Inc.*, Civil Action No. 10-389-LPS, 2011 U.S. Dist. LEXIS 140540 (D. Del. Dec. 7, 2011).  Specifically, the Court in *Softview* explained that "…as Defendants concede, this new section 299 applies to civil actions commenced on or after the date of the enactment of this Act.  Accordingly, even crediting Defendants' arguments that the new statutory provision clarifies the application of Rule 20(a)(2)(A) in circumstances such as those presented here, the new provision is not an intervening change in controlling law."  *Id*. at *5-6 (internal quotations omitted).  Clearly, the Court in *Softview*, in both of its rulings, did not view an amendment to the complaint to add new,

unrelated defendants *after* the enactment date of the AIA as grounds for invoking Section 299 on the pending case.

The Court in *Gerber* addressed a similar issue after the enactment of the Private Securities Litigation Reform Act ("PSLRA"). *Gerber v. MTC Elec. Techns. Co., Ltd.,* 329 F.3d 297, 309-10 (2d Cir. 2003), *cert. denied sub nom. Daiwa Sec. America Inc. v. Kayne,* 540 U.S. 966 (2003). In *Gerber,* the Court addressed the issue of whether the PSLRA applied to claims of nineteen plaintiffs who were added by amendment to the complaint after the statute's effective date. *Id*. The relevant provision of the PSLRA stated that it "shall not affect or apply to any private action commenced before and pending on" the date of the enactment of the statute. *Id.* The court held that the action was commenced when the complaint was filed, not when it was amended to add additional plaintiffs:

> We agree with the district court's conclusion that the "action" here was commenced when the complaint was filed on January 23, 1995. *See Fed. R. Civ. P. 3* ("A civil action is commenced by filing a complaint with the court."). **Amending the complaint, even to add additional plaintiffs, did not create a new action.** *See McKowan Lowe & Co. Ltd. v. Jasmine, Ltd.,* 976 F. Supp. 293, 297 (D.N.J. 1997). In the absence of any indication to the contrary, **we doubt that Congress intended that courts would apply different sets of substantive and procedural rules to groups of plaintiffs asserting identical claims in a single action, depending on when those plaintiffs were added to the complaint**. The district court's ruling is therefore affirmed on this issue.

*Id.* (emphasis added); *see also Newby v. Enron Corp.*, Civil Action No. H-01-3624, 2004 U.S. Dist. LEXIS 8158 *71 (S.D. Tex. Feb. 24, 2004) (following the holding in *Gerber* and determining that like the PSLRA, the Sarbanes Oxley Act, which did not apply to "any private action…commenced before and pending on the date of enactment of the statute," was not applicable against parties or claims added after the enactment to a pre-existing suit); *Pirelli Armstrong Tire Corp. v. Dynegy, Inc.*, 339 F. Supp. 2d 804, 889 (S.D. Tex. Oct. 7, 2004)

(following *Gerber* and holding that the consolidated lawsuits in question all commenced prior to enactment of the Sarbanes Oxley Act).

In the present case, the Moving Defendants concede that "Section 299 was not effective before it took effect [on September 16, 2011]." Dkt. No. 103 at 2. The Moving Defendants agree that this suit commenced on September 13, 2011 when GeoTag sued Circle K for infringement of the '474 Patent. *Id.* However, the Moving Defendants attempt to argue that by properly amending its complaint on October 25, 2011, GeoTag effectively filed a new complaint and since the new complaint was filed after the enactment date of the AIA, Section 299 applies. *Id.* This argument is exactly the one rejected by the Court in *Softview* and *Gerber* as being inaccurate. Likewise, this Court should reject the Moving Defendants' argument that the commencement date of the suit is altered by an amended complaint.

Admittedly, if GeoTag has filed this suit against Circle K *on or after* September 16, 2011, Section 299 would be applicable. Unfortunately for the Moving Defendants, those are not the facts of this case. As the Moving Defendants noted, "Timing, it is said, is everything in life." Dkt. No. 33 at 1. And in this case, the fact that the complaint against Circle K was filed *before* September 16, 2011 means that timing falls in favor of GeoTag. Accordingly, Section 299 does not apply. In the absence of Section 299, the Moving Defendants agree that the courts in this district "allow for joinder of multiple, unrelated defendants in a single action based solely on the allegation that each infringed the same patent." Dkt. No. 133 at 2. Therefore, joinder of the Moving Defendants is proper and the motion to dismiss should be denied.

### III.   CONCLUSION

FED. R. CIV. P. 15(c) does not apply because there is no statute of limitations at issue. Since Rule 15(c) does not apply, the commencement date of this action is the date on which the original complaint was filed, September 13, 2011. Adding new and unrelated defendants does

not change the commencement date of the action, nor does it create a new complaint as to the newly added defendants. For these reasons, the joinder provision of the AIA, Section 299, does not apply in this case. Because the joinder provision of the AIA does not apply, FED. R. CIV. P. 20 is used to determine whether joinder is permissive. Under Rule 20, the Moving Defendants have been properly joined to this action since each of the named defendants infringe the '474 patent. Therefore, the Court should deny Defendants' motion to dismiss for improper joinder.

Dated: February 16, 2012					Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By:	*/s/ Christopher M. Joe*
	Christopher M. Joe  *(Lead Counsel)*
	State Bar No. 00787770
	Chris.Joe@BJCIPLaw.com
	Eric W. Buether
	State Bar No. 03316880
	Eric.Buether@BJCIPLaw.com
	Brian A. Carpenter
	State Bar No. 03840600
	Brian.Carpenter@BJCIPLaw.com
	Mark D. Perantie
	State Bar No. 24053647
	Mark.Perantie@BJCIPLaw.com
	Niky Bukovcan
	WA State Bar No. 39403
	Niky.Bukovcan@BJCIPLaw.com

	1700 Pacific Avenue
	Suite 2390
	Dallas, Texas 75201
	Telephone:	(214) 466-1272
	Facsimile:	(214) 635-1828

**NI LAW FIRM, PLLC**

	Hao Ni
	State Bar No. 24047205
	hni@nilawfirm.com

	3102 Maple Avenue
	Suite 400
	Dallas, Texas  75201
	Telephone:	(214) 800-2208
	Facsimile:	(214) 800-2209

	**ATTORNEYS FOR PLAINTIFF
	GEOTAG, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 16th day of February, 2012. Any other counsel of record will be served by facsimile transmission and first class mail.

>/s/ Christopher M. Joe
> Christopher M. Joe