IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC., § | |
| § | |
| *Plaintiff,* § | |
| § | Civil Action No. 2:11-cv-00405-MHS-CMC |
| v. § | |
| § | JURY TRIAL DEMANDED |
| CIRCLE K STORE, INC., *et al.*, § | |
| § | |
| *Defendants.* § | |
| § | |

**PLAINTIFF GEOTAG, INC.'S SUR-REPLY TO DEFENDANT FRED'S, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**BUETHER JOE & CARPENTER, LLC**

Eric W. Buether (Lead Counsel)
Christopher M. Joe
Brian A. Carpenter
Monica Tavakoli
Niky Bukovcan
Mark D. Perantie

1700 Pacific Avenue
Suite 2390
Dallas, Texas 75201
Telephone:   (214) 466-1272
Facsimile:    (214) 635-1828

**ATTORNEYS FOR PLAINTIFF
GEOTAG, INC.**

Plaintiff GeoTag, Inc. ("GeoTag") files this sur-reply, and requests that the Court deny, Defendant Fred's, Inc.'s ("Fred's") Motion to Dismiss for Lack of Personal Jurisdiction.

I. **Fred's Business Activities Within the Forum Justify Exercise of General Jurisdiction**

   a. **Fred's SEC Filings, Press Releases and Websites Indicate that Fred's, Inc. Operates Stores Called "Fred's"**

Despite abundant evidence of Fred's repeated representations that it operates stores in Texas called "Fred's," it contends that GeoTag has incorrectly asserted that Fred's conducts business in Texas.  Specifically, Fred's argues that its subsidiary, Fred's Stores of Tennessee, Inc. ("FST"), owns and operates all 18 "Fred's" stores in Texas. Dkt. No. 270 ("Fred's Reply") at 2.  Fred's attempts to sidestep the statements in its SEC filings that it operates "Fred's" stores by claiming that its statements actually refer to FST and not it, because the SEC requires inclusion of subsidiaries in its Form 10-K filing. *Id*. at 1-2.

Many of Fred's statements in its SEC filings, however, are not made in a collective context and refer only to the entity Fred's, Inc.  This is prima facie evidence that Fred's, Inc. is regularly doing business in Texas, thus satisfying GeoTag's burden of proof.  Moreover, Fred's, Inc. has made many statements outside the context of its SEC filings that it operates the Fred's stores located in Texas, including statements in its press releases and on its website.  For example, in all of its press releases in 2012, Fred's has included a statement along the lines of "Fred's, Inc. operates 700 discount general merchandise stores, including 21 franchised Fred's stores, in the southeastern United States. For more information about the Company, visit Fred's website at www.fredsinc.com." *See generally* Exhibit A.  These press releases do not define "the Company" or "Fred's, Inc." at all, much less to mean Fred's, Inc., **or** one or more of its

subsidiaries, such as FST. Fred's cannot use the "SEC excuse" to evade responsibility for these statements.

Similarly, it is undisputed that Fred's owns and operates www.fredsinc.com (this is confirmed at the bottom of the website's homepage). Fred's uses this website to promote the business of the "Fred's" stores located in Texas and elsewhere, and instructs website visitors to send correspondence about the "Fred's" stores to "Fred's, Inc., Attn: Service Center." *See* Exs. B and H of Dkt. No. 241 ("GeoTag's Response"). Furthermore, Fred's could have provided evidence that FST exclusively owns and operates stores called "Fred's," including the 18 locations in Texas, but tellingly, it did not. Instead, Fred's has only offered unsupported, conclusory statements in declarations to support its assertions, which are clearly at odds with its statements in its press releases and on its website that were not generated for the purposes of litigation. In addition, even if a subsidiary of Fred's is involved in the operation of "Fred's" stores, this does not negate the evidence that Fred's itself is involved in those operations, as its own statements prove. For this reason, GeoTag has established a prima facie case supporting general jurisdiction over Fred's.

### b. Fred's Pays Franchise Tax in Texas, Indicating it Does Business in Texas

Although Fred's admits that it is required to file a Texas Franchise Tax Report for "Fred's Inc. and its Subsidiaries," Fred's nevertheless maintains that it is not doing business in Texas. Fred's Reply at 2. To support its argument, Fred's provided its most recent Texas Franchise Tax Report filing. This filing, however, proves GeoTag's assertion that Fred's *is*, in fact, doing business in Texas. The filing evidences that Fred's owed and paid Texas Franchise Tax for the year ending January 30, 2010. As noted in GeoTag's response, "Texas Franchise Tax is a privilege tax imposed on each taxable entity…**doing business in Texas**." GeoTag's

Response at 9 n.2. Fred's does not refute this fact. Therefore, Fred's payment of Texas Franchise Tax establishes that Fred's is "doing business in Texas."

## II. Fred's Interactive Websites Justify Exercise of Specific and General Jurisdiction

### a. The Use of Fred's Websites Occurs in Texas

GeoTag does not dispute the fact that specific jurisdiction requires "that the cause of action arise out of or directly relate to the defendant's activities in the forum…Patent infringement occurs when a party 'without authority makes, *uses*, offers to sell *or* sells any patented invention.'" Fred's Reply at 3 (citing *Hollyanne Corp. v. TFT, Inc.*, F. 3d 1304 (Fed. Cir. 1999)) (emphasis added). GeoTag also acknowledges that "for there to be specific personal jurisdiction over [defendant] in [the forum], [plaintiff] would have to allege that [defendant] did **one of those listed activities in [the forum]**." *Id*. (emphasis added).

Fred's, however, incorrectly argues that "because the computer servers, search engines, databases, etc., for any Fred's controlled website are located in Tennessee, there can be no alleged infringement in Texas." Fred's Reply at 3. In *NTP*, the Federal Circuit rejected this argument, holding that "[t]he use of a claimed system under *section 271(a)* is the place at which the system as a whole is put into service, i.e., the place where control of the system is exercised and beneficial use of the system is obtained." *NTP, Inc., v. Research in Motion, LTD.*, 418 F.3d 1282, 1317 (Fed. Cir. 2005). Recognizing that "use" of a system's components may be separated from their physical location, the court in NTP focused not on the location of the system or its components, but on the location of the "users" of the system. *CLS Bank International v. Alice Corp. Pty. LTD*, 667 F. Supp. 2d 29, 34 (D.C. Oct. 13, 2009) (citing *NTP*, 418 F.3d at 1313, 1317).

Similarly, in this case, "the place where control of the system is exercised and beneficial use of the system is obtained" is where the <u>user</u> of Fred's website resides, not where the servers for Fred's websites are located. Since Fred's websites are clearly directed at Texas residents, the use of the infringing website occurs in Texas. Therefore, infringement of the '474 patent occurs in Texas and the exercise of specific jurisdiction by this Court is proper.

Fred's reliance on *HollyAnne* is misplaced. As emphasized by Fred's, the Federal Circuit in *HollyAnne* held that specific personal jurisdiction is proper as long as the defendant is doing one of the following – makes, uses, offers to sell or sells – in the forum. Fred's Reply at 3. In *HollyAnne*, however, the Federal Circuit dealt solely with the issue of whether "an offer to donate is the legal equivalent of an 'offer to sell' for purposes of patent infringement under section 271(a)." *HollyAnne*, F. 3d at 1308 (emphasis added). Since GeoTag has not suggested that specific jurisdiction over Fred's exists because of an offer to donate, *HollyAnne* is not applicable to this case.

### b. Fred's Websites Are Interactive and Commercial in Nature

Fred's concedes that its websites fall within the middle ground of the *Mink/Zippo* sliding scale, but argues that its websites lack sufficient "commercial activity" to support the exercise of personal jurisdiction. Fred's Reply at 5-6. Black's Law Dictionary defines "commercial" as "relates to or is connected with trade and traffic or commerce in general…Generic term for most all aspects of buying and selling." BLACK'S LAW DICTIONARY WITH PRONUNCIATIONS 245 (5th ed. 1979). Under this definition, Fred's websites' activities, such as encouraging website visitors to shop at one of the 18 brick and mortar store locations in Texas and directing such visitors to those locations in Texas, are indisputably commercial in nature.

Fred's only rebuttal to this argument is that it would "render[] useless the sliding scale analysis and case law behind it, including *Mink* which established that advertising in [and] of itself is not sufficiently commercially active to justify the exercise of personal jurisdiction." Fred's Reply at 8. This is untrue. In *Mink*, the Court did not find the website sufficiently interactive because "[t]here is no evidence, however, that the website allows AAAA to do anything but reply to e-mail initiated by website visitors." *Mink v. AAAA Development, L.L.C.*, 190 F.3d 333, 337 (5th Cir. 1999). The Court also noted that AAAA's website lacked other forms of interactivity cited by courts as factors to consider in determining questions of personal jurisdiction, such as the ability for consumers to order or purchase products and services online. *Id.* For this reason, the Court found the website to be passive. *Id.* Clearly, the Court in *Mink* equated the ability to order or purchase products and services online as an indication of interactivity, not as a requirement for commercial activity as Fred's implies.

### c. Fred's Career Locator

Fred's career website, www.careersatfreds.com, allows a Texas resident interested in a job at one of Fred's Texas locations to apply through its website. Despite Fred's declaration to the contrary, when a user selects a job based on location, the user is not taken to the careerbuilder.com website. *See generally* Exs. R-X of GeoTag's Response. In fact, the user completes the job application entirely on Fred's career website. *Id.* Once again, although Fred's may quibble with GeoTag's evidence, that evidence is sufficient to establish a prima facie case of this Court's personal jurisdiction over it.

### III. The Exercise of Personal Jurisdiction over Fred's is in Accordance with Traditional Notions of Fair Play and Substantial Justice

Once minimum contacts are established, "the interests of the forum and the plaintiff justify even large burdens on the defendant." *McFadin v. Gerber*, 587 F.3d 753, 764 (5th Cir.

2009) (quoting *Guidry v United States Tobacco Co.*, 188 F.3d 619, 628 (5th Cir. 1999)) (finding the defendant did not meet its burden in disestablishing that the exercise of jurisdiction was fair and reasonable). Here, Fred's cannot meet its high burden of showing that this Court's exercise of personal jurisdiction would violate traditional notions of fair play and substantial justice.

Fred's contends that defending itself in this case would place a significant burden on it because it has no presence in Texas. Fred's, however, does have a presence in Texas as indicated by the establishment of its account with the Texas Comptroller's office to pay Texas Franchise Taxes and the 18 Fred's locations within Texas. In light of these facts, subjecting Fred's to litigation in this forum would not be overly burdensome.

Texas has a definite interest in this litigation. Fred's websites, www.fredsinc.com and www.careersatfreds.com, the accused instrumentalities that infringe the patent-in-suit, are directed at Texans. Additionally, Texas has an interest in protecting its residents' property rights and providing a convenient forum for its residents to resolve their disputes. *See e.g.*, *McFadin*, 587 F.3d at 763. GeoTag also has an obvious interest in securing relief as quickly and as efficiently as possible.

It is unlikely that efficient resolution of this case would be disserved by resolution in Texas as opposed to Tennessee. Given that this case involves patent infringement, subject to the same federal laws, this Court's exercise of jurisdiction will not be unfair or substantially unjust. *See Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1352 (Fed. Cir. 2003) (holding that there is "no conflict between the interest of California and Nevada in furthering their own respective laws, as the same body of federal patent law would govern the parent invalidity claim irrespective of forum"). Finally, unlike cases that involve large amounts of physical and immobile evidence, the evidence at issue here likely requires little physical transportation of

evidence, if any, and would not present a significant burden on the court in hearing this case in Texas.

Together, these considerations greatly outweigh any burden Fred's has of litigating here.

### IV.     Conclusion

GeoTag need only make a *prima facia* showing that this Court's exercise of personal jurisdiction is proper. Given the evidence showing that Fred's has systematically and continuously conducted business in Texas through the "Fred's" stores it has repeatedly stated it operates, as well as the interactive and commercial nature of Fred's accused websites, GeoTag has established such a *prima facia* case.  On the other hand, Fred's has not met its high burden of showing that this Court's exercise of jurisdiction would violate traditional notions of fair play and substantial justice. Accordingly, the Court should deny Fred's motion to dismiss.

Alternatively, GeoTag requests leave to conduct expedited discovery from Fred's regarding the extent of use of its website by users in Texas.

Dated: April 9, 2012

Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By: */s/ Monica Tavakoli*
Eric W. Buether (Lead Counsel)
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Christopher M. Joe
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Brian A. Carpenter
State Bar No. 03840600
Brian.Carpenter@BJCIPLaw.com
Monica Tavakoli
State Bar No. 24065822
Monica.Tavakoli@BJCIPLaw.com
Niky Bukovcan
State Bar No. 24078287
Niky.Bukovcan@BJCIPLaw.com
Mark D. Perantie
State Bar No. 24053647
Mark.Perantie@BJCIPLaw.com

1700 Pacific Avenue
Suite 2390
Dallas, Texas 75201
Telephone: (214) 635-1839
Facsimile: (972) 656-0967

**NI LAW FIRM, PLLC**

Hao Ni
State Bar No. 24047205
hni@nilawfirm.com

3102 Maple Avenue
Suite 400
Dallas, Texas 75201
Telephone: (214) 800-2208
Facsimile: (214) 800-2209

**ATTORNEYS FOR PLAINTIFF GEOTAG, INC.**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 9th day of April, 2012. Any other counsel of record will be served by facsimile transmission and first class mail.

                                              */s/ Monica Tavakoli*
                                              Monica Tavakoli