IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG INC., <br><br> **Plaintiff,** <br><br> v. <br><br> EYE CARE CENTERS OF AMERICA, INC. <br><br> **Defendant.** | 2:11-cv-00404-MHS |
| GEOTAG INC., <br><br> **Plaintiff,** <br><br> v. <br><br> CIRCLE K STORE, INC. <br><br> **Defendant.** | 2:11-cv-00405-MHS |

**PLAINTIFF GEOTAG, INC.'S RESPONSE TO
DEFENDANTS' MOTION TO STAY**

Plaintiff GeoTag, Inc. ("GeoTag") hereby responds to Defendants' Motion to Stay filed on June 1, 2012, in the above captioned actions (Dkt. Nos. 307 and 355 respectively).

Defendants American Greetings Corporation, Charming Shoppes Inc., David's Bridal Inc., Formal Specialists Ltd., Guess? Retail Inc., Luxottica Retail North America, Inc., and Ulta Salon, Cosmetics & Fragrance, Inc. ("Moving Defendants") have filed a motion requesting the Court to "dismiss" them from the above-captioned actions on the ground that they have been improperly joined as defendants in these actions. Alternatively, the Moving Defendants request the Court stay these actions in favor of the declaratory judgment action filed by Microsoft and

Google pending in Delaware. For the reasons discussed below, the Moving Defendants' motions should be denied.

In view of the Federal Circuit's decision in *In Re EMC Corporation,* Misc. Docket No. 100 (Fed. Cir. May 4, 2012), GeoTag agrees that severance of the claims against the Defendants in these actions is proper where the Defendants are "not acting in concert" and there are no "overlapping facts that give rise to each cause of action." *Id.* at slip op. 15. As the Federal Circuit explained, factual considerations in determining whether the joinder test is satisfied include: (1) "whether the alleged acts of infringement occurred during the same time period, (2) the existence of some relationship among the defendants," (3) "the use of identically sourced components or technology agreements between the defendants," (4) "overlap of the products' or processes' development and manufacture," and (5) "whether the case involves a claim of lost profits." *Id.* at slip op. 16. GeoTag believes that, with respect to at least some of the Defendants in these actions, some of these facts may exist and joinder of these defendants would be appropriate. Furthermore, discovery in this case will likely reveal these facts establishing that joinder of some or all of the Defendants in these actions was appropriate.

Nevertheless, GeoTag has determined that it not necessary to force the Court to determine whether GeoTag's joinder of some or all of the Moving Defendants in these two lawsuits was appropriate in order to resolve the procedural issue presented by the Moving Defendants' motion to dismiss them for misjoinder.[1] Instead, GeoTag believes that the most prudent and procedurally proper course for the Court to take is to "deem severed"[2] at this time

---

[1] Rule 21 of the Federal Rules of Civil Procedure expressly provides that "[m]isjoinder is not a ground for dismissing an action."

[2] GeoTag uses the term "deem severed" to reflect that the Court should avoid the needless administrative headache of creating separate action numbers for each of the Moving Defendants

**PLAINTIFF GEOTAG, INC.'S RESPONSE TO
DEFENDANTS' MOTION TO STAY Page 2**

GeoTag's claims against the Moving Defendants and then simultaneously consolidate all of these severed actions with all of the other GeoTag actions pending before this Court for pre-trial purposes pursuant to rule 42(a) of the Federal Rules of Civil Procedure.

Rule 21 of the Federal Rules of Civil Procedure expressly provides that, in the event of the misjoinder of a party, "[t]he court may also sever any claim against a party" to remedy the misjoinder. *See also* Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997) ("If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance."). Rule 42(a) further provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the action; (2) consolidate the actions; or (3) issue any orders to avoid unnecessary cost or delay."). The Court can determine whether to consolidate any of these severed actions for trial at a later date based upon a more complete record enabling the Court to assess the fairness and efficiencies of a consolidated trial involving two or more Defendants.

The Federal Circuit in *EMC* endorsed this approach when it observed that:

> In exercising its discretion, the district court should keep in mind that even if joinder is not permitted under Rule 20, the <u>district court has considerable discretion to consolidate cases for discovery and for trial under Rule 42 where venue is proper and there is only "a common question of law or fact."</u> Fed. R. Civ. P. 42(a); *see* 9A Wright et al., *supra*, § 2382 ("[T]he existence of a common question by itself is enough to permit consolidation under Rule 42(a), even if the claims arise out of independent transactions."). <u>Common pretrial issues of claim construction and patent invalidity may also be adjudicated together</u> through the multidistrict litigation procedures of 28 U.S.C. § 1407. (citations omitted).

*EMC Corp.*, Dkt. No. 100, slip op. at 16 (emphasis added). Eastern District of Texas Local Rule CV-42(b) similarly provides: "[w]hen two or more actions are pending before a judge which

---

if GeoTag's claims against these Moving Defendants and their counterclaims against GeoTag are to be consolidated for pretrial purposes.

involve . . . a common question of law or fact . . . that judge may order that all or part of the actions be consolidated."

The Fifth Circuit encourages consolidation of cases involving common questions of law or fact "to expedite trial and eliminate unnecessary repetition and confusion." *Miller v. U.S.Postal Serv.,* 729 F.2d 1033, 1036 (5th Cir. 1984). "Trial judges are urged to make good use of Rule 42(a)…where there is involved a common question of fact and law as to the liability of the defendant in order to expedite the trial and eliminate unnecessary repetition and confusion . . . ." *Dupont v. Southern Pacific Co.,* 366 F.2d 193, 195 (5th Cir. 1966). Consistent with this view of the salutary effect of consolidation, *Mayfield v. American Auto. Ins. Co.,* No. 5:02-cv-00137, Dkt. No. 55 at 2 (N.D. Tex., May 27, 2003), recognizes the propriety of consolidation and articulates the following "list of factors" deemed to "militat[e] in favor of consolidation":

1. the cases proposed for consolidation are pending either before the same court for all purposes or between two different courts within the same judicial district;

2. the cases involve a common party;

3. the cases involve common issues of law;

4. the cases involve common issues of fact;

5. there is no risk of prejudice or possible confusion if the cases are consolidated, or, if there is any risk, it is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately;

6. consolidation will not result in an unfair advantage;

7. consolidation will conserve judicial resources;

8. consolidation will reduce the time for resolving the cases when compared to separate trials; and

    9.    consolidation will reduce the expense of trying the cases separately.

The Eastern District has granted, and the Fifth Circuit has upheld, consolidation on the basis of these and similar factors. *See, e.g., Allergan, Inc. v. Sandoz, Inc.* 2011 U.S. Dist. LEXIS 45577 at *8 (E.D. Tex., April 27, 2011); *In re Universal Access, Inc.,* 2002 U.S. Dist. LEXIS 19872 at **8-10 (E.D. Tex., August 23, 2002) (granting consolidation at least in part because there were common issues of law and fact and the motion was unopposed); *Miller, supra* at 1037 (remanding for consolidation "[i]n the interests of equity and judicial economy"); *Gentry v. Smith,* 487 F.2d 571, 581 (5th Cir. 1973) ("Should the district court here choose to consolidate this action with [a related action], considerable confusion and repetition could be avoided"). Moreover, the Eastern District often grants consolidation in patent cases where, as here, the parties among the various actions are the same, the patents cover similar subject matter, and/or the same products are accused of infringement. *See, e.g., Allergan, supra* at *8; *Mediostream, Inc. v. Microsoft Corp.,* 2009 U.S. Dist. LEXIS 90952 at *11 (E.D. Tex., September 30, 2009).

Other courts also have recently followed the same procedure proposed by GeoTag. In *InvestPic, LLC v. SAS Institute, Inc.*, Civil Action No. 10-1028 (D. Del. May 15, 2012), for example, the court granted a defendant's motion to sever in view of the *EMC* decision, but consolidated that severed action with the action from which it was severed, explaining that:

> In view of the fact that the case against SAS has been severed, but obviously has various common questions of law and fact with the case against the other fourteen defendants, I will consolidate it for all purposes, other than having a joint trial, with the case against the rest of the defendants, without prejudice to the defendant seeking relief from this order for any appropriate reason.

*Id*. at 11-12. *See* Exhibit A. Similarly, in *Interval Licensing LLC v. AOL, Inc., et al.*, Civil Action No. C10-1385 (W.D. Wash. April 29, 2011), the court also granted the eleven defendants' motion to sever based upon misjoinder (finding dismissal an improper

remedy), but simultaneously consolidated the eleven actions for all pretrial proceedings and for trial pursuant to Rule 42(a). *Id*. at 4. *See* Exhibit B.

The Moving Defendants cannot credibly argue that consolidation of the cases comprising the GeoTag litigation is improper. Approximately a year ago, the same counsel representing the Moving Defendants wrote a letter to Magistrate Judge Everingham that all of the GeoTag lawsuits involving similarly situated defendants then pending at the time be consolidated for pretrial purposes because they "involve a single patent and similar accused technology." *See* Exhibit C. The Moving Defendants' counsel asserted that "a single schedule governing all nine of the [] GeoTag Actions through *Markman* proceedings is preferable." *Id*. at 2.

Thus, the Moving Defendants' motion to dismiss them from these actions should be denied. Such relief would only force GeoTag to file separate lawsuits against those defendants, resulting in needless delay and expense.

The Moving Defendants' alternative motion to stay GeoTag's claims against them in favor of the declaratory judgment action filed by Microsoft and Google pending in Delaware also should be denied. The Moving Defendants do not present any evidence or argument explaining how the Delaware litigation would resolve GeoTag's claims against them in this litigation. Instead, they rely entirely on the arguments previously made to the Court by other defendants in other actions. But none of those arguments even suggested that the Delaware litigation could resolve all or even most of the issues regarding GeoTag's claims against the Moving Defendants. Indeed, the Moving Defendants do not present any evidence or argument that GeoTag's claims against them

share any common issues with the Delaware litigation other than the issue of the validity of the `474 patent in suit.

This Court in *Levine v. Casio America Inc.*, Civil Action No. 2:11-cv-00056-MHS (E.D. Tex. May 2, 2012) recently denied a motion stay for similar reasons.  In that lawsuit, the Court declared that, "[a]lthough some issues may be resolved in [the other pending lawsuit], the Court is unpersuaded that the resolution of that case would entirely resolve the instant matter. Ultimately, judicial economy would be better served by allowing both cases to proceed contemporaneously." *Id*. at 3.  The same is true in this case.

For the foregoing reasons, the Court should deny the Moving Defendants' motions.

Dated: June 18, 2012                                Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By:   */s/ Eric W. Buether*
      Eric W. Buether
      State Bar No. 03316880
      Eric.Buether@BJCIPLaw.com
      Christopher M. Joe
      State Bar No. 00787770
      Chris.Joe@BJCIPLaw.com
      Brian A. Carpenter
      State Bar No. 03840600
      Brian.Carpenter@BJCIPLaw.com
      Mark D. Perantie
      State Bar No. 24053647
      Mark.Perantie@BJCIPLaw.com
      Niky Bukovcan
      State Bar No. 24078287
      Niky.Bukovcan@BJCIPLaw.com
      Monica Tavakoli
      State Bar No. 24065822

        Monica.Tavakoli@BJCIPLaw.com

        Michael D. Ricketts
        State Bar No.24079208
        Mickey.Ricketts@BJCIPLaw.com

        1700 Pacific Avenue
        Suite 4750
        Dallas, Texas 75201
        Telephone:    (214) 466-1272
        Facsimile:    (214) 635-1828

        **ATTORNEYS FOR PLAINTIFF GEOTAG, INC.**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 18th day of June, 2012. Any other counsel of record will be served by facsimile transmission and first class mail.

                                                  */s/ Eric W. Buether*
                                                  Eric W. Buether