UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:11–CV–405–MHS |
| | ) | |
| | ) | |
| CIRCLE K STORE, INC., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## J. CREW'S REPLY TO MOTION TO SEVER AND TRANSFER

J. Crew Group, Inc. ("J. Crew") files the following reply in support of its Motion to Sever and Transfer ("Motion") (Dkt. No. 372) and in opposition to the response ("Opposition") (Dkt. No. 395) filed by GeoTag, Inc. ("GeoTag"). For the reasons stated below and in the underlying Motion, transfer of the claims against J. Crew to the United States District Court for the Southern District of New York serves "the convenience of the parties and witnesses [and]…the interest of justice." 28 U.S.C. § 1404(a) (brackets & ellipses added). The Court need not reach this Motion if it grants J. Crew's pending motion to be dropped as a party for misjoinder (Dkt. No. 33), a result that should follow as a matter of course from GeoTag's concession that J. Crew has been improperly joined in this action. To the extent the Court takes up this Motion, it should be granted.

**GeoTag's Untimely Opposition Should Be Disregarded.** GeoTag sought—and obtained—a consented–to ten–day extension for its Opposition through July *19*, 2012. *See* Dkt. No. 392. Without leave of Court, GeoTag filed its opposition at the end of the day on July *20*, 2012. *See* Dkt. No. 395. A party may not ignore court–ordered deadlines. Pursuant to Local Rule CV–7(e), the Motion was deemed submitted without opposition as of July 19, 2012, and should be granted as unopposed. *See Stump v. Barnhart*, 387 F. Supp. 2d 686, 690 (E.D. Tex. 2005) ("If the non–moving party fails to oppose a motion in the manner set forth in the local rules, the court may and should assume that the party has no opposition.").

**GeoTag Concedes That J. Crew Is Improperly Joined In This Action.** GeoTag apparently concedes that, particularly in the wake of *In re EMC,* 677 F.3d 1351 (Fed. Cir. 2012), J. Crew was misjoined with unrelated defendants in the above–captioned action, and does not oppose severance on that basis. *See* Opposition at 1, 4–5. GeoTag also concedes that its claims against J. Crew could have been brought in the Southern District of New York where J. Crew is

1

headquartered. *See* Opposition at 9. Indeed, the parties only differ over whether a transfer of the claims against J. Crew—which admittedly should never have been filed in the above–captioned action in the first place—is warranted by "the convenience of the parties and witnesses [and]…the interest of justice." 28 U.S.C. § 1404(a) (brackets & ellipses added).

GeoTag's principal lament is that transfer of GeoTag's claims against J. Crew would be inefficient and duplicative, given the number of other defendants GeoTag has sued in this district. *See* Opposition at 5–7, 14. Accordingly, GeoTag urges the Court to ignore its procedural missteps and treat the claims against J. Crew as "deemed severed" but "simultaneously consolidated." *See id.* at 5. In other words, GeoTag concedes fault, but asks the Court to ignore that fault, the consequences that flow from it, and the law that governs how to address it. As an initial matter, GeoTag overlooks the fact that it is currently embroiled in a declaratory judgment action filed by Microsoft and Google in the District of Delaware, *see Microsoft Corporation et al. v. GeoTag, Inc.,* No. 11–175–RGA (D. Del.), and therefore, regardless of whether its claims against J. Crew are transferred or not, GeoTag will be fighting battles on multiple fronts. Moreover, as explained in the Motion, GeoTag follows neither the standard set by 28 U.S.C. § 1404 nor the teaching of *EMC.* As emphasized by *EMC* (and as quoted by GeoTag), the district court's discretion to consolidate cases for discovery and for trial under Rule 42 is limited to those instances *where venue is proper. See* Opposition at 5 (citing *In re EMC Corp.*, 677 F.3d at 1360). GeoTag should not be permitted to take a "no harm, no foul" approach to its improper misjoinder of dozens of defendants by conceding that it has violated the rules but arguing that it should nonetheless be entitled to the same practical result through a judicial work–around. GeoTag having conceded that J. Crew should be severed, the only relevant question is whether a transfer of venue is appropriate for the claims *against J. Crew*. It is.

**The Bulk Of Relevant Sources Of Proof Are In New York.** GeoTag emphasizes that the relevant documents in its possession are located in and around the Eastern District of Texas. *See* Opposition at 3–4, 9–10. As an initial matter, it is not clear to what extent these purported sources of proof are located with GeoTag as opposed to its attorneys. *See id.* at 3 ("GeoTag has hundreds of thousands of pages of physical and electronic documents relating to the '474 patent located at its Frisco, Texas headquarters (*and the Dallas, Texas office of its counsel*)") (emphasis added). Convenience of *counsel* is not a relevant factor on a motion to transfer. *See, e.g., In re Horseshoe Entmt,* 337 F.3d 429, 434 (5th Cir. 2003) ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue").

More to the point, because of the nature of a patent infringement claim, the focus of the litigation is always on the alleged infringer's conduct. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quotation omitted); *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed Cir. 2011); *accord Software Rights Archive, LLC v. Google, Inc.,* 2010 WL 2950351, *2 (E.D. Tex. July 22, 2010); *West Coast Trends, Inc. v. Ogio Intern'l, Inc.,* 2011 WL 5117850, *2 (E.D. Tex. Oct. 27, 2011). Indeed, GeoTag apparently concedes this fact. *See* Opposition at 9 ("This factor will turn upon which party, *usually the accused infringer,* will most probably have the greater volume of documents relevant to the litigation and their presumed location in relation to the transferee and transferor venues") (emphasis added). While GeoTag takes J. Crew to task for not identifying any "specific" documents at its New York headquarters, and for making statements about the location of its documents that are "vague and general," *see* Opposition at 1, 9, to the contrary, J. Crew could not be clearer that "the source code and

3

technical documents relating to the website" are kept at facilities in New York. *See* Opposition at 9 (citing Saffer Decl. ¶ 10 (Dkt. No. 372–2)). J. Crew has not identified which "specific" documents it might possess that are relevant to this action are located in New York because *all* such documents likely to be relevant to this action are located in New York. To the extent that GeoTag points to J. Crew's stores in Texas and its call center in San Antonio (outside the Eastern District), *see* Opposition at 4, 13, this is a red herring. None of the sources of proof in this action—which concerns the operation of J. Crew's website—will come from J. Crew's brick–and–mortar stores or call center in Texas. While J. Crew's ties to Texas might be relevant to a motion to dismiss for lack of personal jurisdiction, they do not pertain to the transfer analysis, which relates to the location of documents, information, and witnesses germane to GeoTag's allegations of infringement.

GeoTag makes the same objection to J. Crew's failure to identify "specific witnesses" in New York. *See* Opposition at 11–12. Again, J. Crew has not identified "specific" employees because it has stated that *all* employees most knowledgeable about the website work in New York. Saffer Decl. ¶¶ 8, 11 (Dkt. No. 372–2). As for GeoTag's request that this Court consider the location of two entities identified *by AT&T* as potential third–party witnesses, *see* Opposition at 11, even assuming that J. Crew would also consider these as potential witnesses, AT&T has plainly demonstrated that these entities rest within the subpoena power "of *only* the *Northern District of Texas.*" *See* Buether Decl. Exh. B (Dkt. No. 395–5) (emphasis added). Indeed, AT&T used the location of these potential third–party witnesses as a reason *to* transfer this case *away from* the Eastern District of Texas. *See id.*

As discussed in the Motion, the remaining factors considered on a Section 1404 request either favor transfer, or are neutral.

## CONCLUSION

Based on the foregoing, and the underlying Motion, J. Crew respectfully requests that the Court grant its motion to sever and transfer to the Southern District of New York.

Dated: July 26, 2012                              Respectfully submitted,

Jennifer Parker Ainsworth
(State Bar No. 00784720)
jainsworth@wilsonlawfirm.com
Wilson, Robertson & Cornelius, P.C.
One American Center
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
(903) 509–5000

/s/ Stacy O. Stitham
Peter J. Brann
pbrann@brannlaw.com
David Swetnam–Burland
dsb@brannlaw.com
Stacy O. Stitham
sstitham@brannlaw.com
BRANN & ISAACSON
184 Main Street; P.O. Box 3070
Lewiston, ME 04243–3070
(207) 786–3566

*Attorneys for J. Crew Group, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on July 26, 2012, the foregoing document was filed electronically in compliance with Local Rule CV–5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV–5(a)(3)(A).

/s/ Stacy O. Stitham
Stacy O. Stitham