# United States District Court
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| GEOTAG, INC. | § | |
| | § | |
| v. | § | Case No. 2:11-cv-405 |
| | § | |
| CIRCLE K STORES, INC., ET AL. | § | |

## ORDER DENYING EMERGENCY MOTION

Before the Court is Defendant J. Crew Group, Inc.'s Emergency Motion to Stay Scheduling Order Deadlines and Objections to Scheduling Order (Doc. No. 422). J. Crew argues that the imposition of any scheduling deadlines should be suspended given that it has several pending motions before the Court. J. Crew also alleges that the Court's procedure for claim construction briefing and argument violates its due process rights. Having considered the motion and the applicable law, the Court **DENIES** J. Crew's emergency motion.

A stay of the scheduling order in light of J. Crew's pending motions would unnecessarily and unjustifiably delay litigation. J. Crew cites to no authority to justify a stay in this circumstance. The Court will not issue a stay merely for the convenience of the moving party.

Furthermore, J. Crew's objection to the Court's *Markman* procedure requiring a lead defendant for briefing and argument is also meritless. J. Crew claims it is improper to require an unrelated defendant to argue claim construction on J. Crew's behalf. Although J. Crew objects to the Court's procedure, it does not propose any substitute procedure.

The Court's procedure mimics the accepted procedure of assigning lead parties in complex cases, such as in multidistrict litigation and class action suits. *See generally, Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 127 (2d Cir. 2011) (implementing a lead plaintiff in a securities related multidistrict litigation case); *In re Aqua Dots Prods. Liab. Litig*, 270 F.R.D.

377, 379 (N.D. Ill. 2010) (invoking lead defendant in products liability related multidistrict litigation). The lead defendant requirement does not prevent J. Crew from raising any issues specific to itself. The procedure implemented by the Court allows defendants to file a responsive letter brief to address issues specific to that defendant that are not addressed in the common briefing. To the extent the defendants can agree, the lead defendant requirement does not prevent the parties from dividing up the briefing or argument on the agreed terms. The lead defendant in effect acts as the liaison for all the defendants during the *Markman* procedure. Although the lead defendant is the responsible party, it serves in a representative capacity on behalf of all defendants for common issues. Accordingly, the Court is unpersuaded that its procedure deprives J. Crew of any constitutional right. *See In re Katx Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1311 (Fed. Cir. 2011) ("To make out a due process claim, [a party] must demonstrate that the district court's … procedure risked erroneously depriving it of its rights and that the risk outweighed the added costs associated with a substitute procedure.").

For the foregoing reasons, J. Crew's emergency motion (Doc. No. 422) is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 14th day of August, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE